IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN G. BENNETT,

    **Plaintiff,**

vs.                                            No. CIV 00-962 LCS

LUIS E. ISLAS,

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER came before the Court *sua sponte*. After reviewing the Complaint in this matter, it appears that there may not be federal jurisdiction over Plaintiff's complaint. The United States Magistrate Judge therefore issues the following proposed findings and recommended disposition.

Proposed Findings

1. Plaintiff filed this action for breach of contract on July 6, 2000. Plaintiff's complaint alleges that Defendant was hired to represent him in a criminal matter, for which Defendant received payment of $2,500.00. Plaintiff claims that Defendant breached the contract by failing to represent him adequately. Plaintiff seeks a refund of the $2,500.00 payment as damages, and "any other awards or damages the court sees fit under the situation."

2. Even liberally construed, the *pro se* plaintiff's complaint does not raise any federal law claims. At best, the complaint states claims for breach of contract or legal malpractice under

applicable state law.  Therefore, federal jurisdiction must be based on diversity of citizenship, if at all.

3. The Court's diversity jurisdiction is based on 28 U.S.C. § 1332, which provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) citizens of different States . . . .

4. Plaintiff's complaint appears to allege that Plaintiff is a citizen of New Mexico and Defendant is a citizen of Texas, thus satisfying the requirement that the controversy be between citizens of different states.  However, the complaint fails to allege that the amount in controversy exceeds $75,000.  In fact, the only reference to a dollar amount for damages is found in the conclusion to the complaint, where Plaintiff seeks the return of the $2,500.00 that was paid for his legal services.

5. Because Plaintiff's complaint does not contain any good faith allegation that the amount in controversy exceeds $75,000, I propose finding that this court lacks subject matter jurisdiction over the complaint.  Therefore, this action should be dismissed without prejudice.  *See Fehling v. Cantonwine*, 522 F.2d 604, 605 (10th Cir. 1975).

Recommended Disposition

I recommend that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such

proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

F:\aaMagistrateJudge\00-962 pfd